The Supreme Court reversed the decree of the Orphans’ Court on May 26, 1884, in the following opinion ; per,
Green, J.:
A careful examination of the record in this case has convinced us that the estimate placed by the auditor upon the value of the accountant’s service to the estate was correct, and hence there was error in the action of the Court below in reducing +1'e amount of the accountant’s compensation. The estate o 1 1he testator-consisted largely of wilfl lands, aggregating about 14,cue acres, and scattered over four counties and in a mountainous region. These required constant care and watchfulness, payment of taxes, protection against trespassers, the exercise of a correct ■discretion as to sales authorized by the will of the testator, and an honest and upright administration of the finances of the trust. In all these respects the auditor has found that the accountant was an exemplary and faithful officer, and we see nothing to call in question the correctness of that finding. Prior to the death of the executors' named in the will, the accountant had been employed by them, under the authority given by the will, to act-as their agent in managing the real estate, and subsequently in making sales, and for his services in 1870 he was allowed $200, and in 1871 $300 by the executors. At the death of the executors, it was the desire of all the parties in interest that Mr. Barclay should be appointed and act as administrator c. t. a., and, at their request, he assumed this position. The auditor finds that the parties had full’ confidence in Mr. Barclay, and desired to obtain the benefit of his comprehensive knowledge of the lands and of their value for bark, timber and minerals, and for that reason selected him to administer the affairs' of the estate. He also finds that the lands required extra care and attention through the bark season* which was given by Mr. Barclay, and that “his *31 position as administrator c. t. a. required him to watch the interest of the estate, and to be ready at all times to furnish information to parties who might desire to purchase, and who wished to know the location and extent of surveys, the quality and quantity of timber, &c., and that this could only be done by showing the drafts or going upon the land, and in these respects Mr. Barclay was always ready and willing, and fully performed his duty.” He also finds that Mr. Barclay was always present with the' surveyors when they were running lines; 'that he was on the lands at different times to see that no trespassing had been done; that he attended appeals and paid taxes; that the lands have • been growing in value for several years past; that in not making sales he was guided by the discretionary power given in the will and the advice of counsel and friends, and that “his efforts and intentions have been honest, and there is no allegation to the contrary.” The compensation claimed for the accountant for his four years service, including his commission upon sums received, was $1,200. The auditor, for reasons stated in his report, reduced this sum to $800. And this we think, in view of all the circumstances of the case, was a very moderate and reasonable allowance. The auditor admitted that the whole amount claimed was a fair compensation for the accountant’s services as agent, and that he would have allowed it if the accountant had acted in that capacity only, hut because he was administrator, although he rendered the full services of agent, he thought he must reduce the compensation to a lower standard, and he accordingly did so. The propriety of this reduction might well be questioned ; but as that subject is not before us, we do not discuss it. The learned judge of the Court below made a still further reduction of $350, and, in doing so, seems to have acted upon the theory that the compensation must be regulated by a consideration only of the sum which actually passed through the accountant’s hands. It is only necessary to say that the compensation of accountants does not depend upon so limited a view. In Montgomery’s Appeal, 5 Nor. 234, Mr. Justice Gordon said : “But after all, on_all authority, it is a question not of percentage, but of compensation. It therefore comes to nothing to say that the percentage is large or the percentage is small compared with the estate, if the executor has received neither less nor more than what his services are *32 worth.” It is quite unnecessary to repeat what has so often been said by this Court, that persons serving in a fiduciary capacity are entitled to be paid actual compensation for the value of their services, and that the amount must be determined by considering all the circumstances of the particular case. In Biddle’s Appeal, 2 Nor. 344, Mr. Justice Paxson, concluding, shows that the compensation of a trustee was not to be limited to the mere .income which passed through his hands, and'that the corpus of the estate might be used in rendering adequate compensation, and that this might be done even where sales were not made, but as compensation for care and management of real estate. There is no occasion to engage in a detailed discussion of the facts of this case or of the authorities cited in argument. We are clearly of opinion that the learned Court below was in error, in reducing the accountant’s compensation below the amount allowed by the auditor, and in imposing any part of the costs upon the accountant. All the assignments of error are sustained.
Decree reversed, exceptions to the auditor’s report dismissed, and the account and distribution, as stated by the auditor, confirmed, the costs of this appeal to be paid by the appellees.
Note. — In the following eases more than five per cent, was allowed; Kennedy’s Appeal, 4 Penna. 149; Miller’s Estate, 1 Ashmead 323; Cox’s Estate, 5 W. N. C. 474; McCloskey’s Estate, 11 Phila. 95.